UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **WAYNE SPICER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 3:22-cv-05358** |
| **CLAY BENNETT, SHERIFF OF** | **JUDGE: TERRY A. DOUGHTY** |
| **CALDWELL PARISH**, in his official capacity, **DEPUTY ZEBULON LEE TUCKER**, individually and in his official capacity, **DEPUTY PIPER BARTON**, individually and in his official capacity, **DEPUTY MATT DANNEHL**, individually and in his official capacity, **DEPUTY SHANE DUKE**, individually and in his official capacity, **DEPUTY DUSTIN HATTEN**, individually and in his official capacity, **DEPUTY ABC**, individually and in his official capacity, and **DEPUTY DEF**, individually and in his official capacity | **MAG. KAYLA D. McCLUSKY** |
| | **JURY TRIAL REQUESTED** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PRETRIAL ORDER**

Following pretrial proceedings in this cause pursuant to the procedure of this court, IT IS ORDERED:

A.

This is an action for damages as a result of personal injuries sustained by Wayne Spicer during an arrest on 17 January 2022 by four sheriff's deputies. Plaintiff contends that the arresting officers engaged in unnecessary and unreasonable conduct and utilized excessive force, including multiple taser shocks and striking with fists and flashlights. Plaintiff contends that the

injuries inflicted upon him consist of (1) a fractured skull necessitating removal of skull fractures and replacement with a plate and mesh, (2) fractures of two spinal vertebrae, and (3) psychological injuries. Additionally, after plaintiff was arrested, he was repeatedly strapped into a restraint chair because he requested pain medication for the skull and spinal injuries sustained.

Plaintiff seeks both compensatory and punitive damages for the actions of the officers and the Sheriff in failing to train, supervise, and/or reprimand officers who violated the constitutional rights of arrestees.

B.

The parties and their legal relationships are as follows: Wayne Spicer is a resident and citizen of the State of Louisiana. Clay Bennett is the sheriff of Caldwell Parish which employs all of the named deputies except Piper Barton who worked directly for the Town of Grayson.

C.

Statement of jurisdiction: Jurisdiction is based upon 28 U.S.C. § 1331 and 28 U.S.C. §1343(a)(3)-(4), as well as supplemental jurisdiction to hear the common law claims under 28 U.S.C. §1367.

D.

The following facts are stipulated by the parties and require no proof: (Numerical listing of uncontested material facts.) To narrow issues and to eliminate unnecessary witnesses, counsel's best efforts are expected in preparing stipulations.

The following facts are stipulated by the parties and require no proof: (Numerical listing of uncontested material facts.) To narrow issues and to eliminate unnecessary witnesses,

counsel's best efforts are expected in preparing stipulations.

      1.      On 17 January 2022, three deputies from the Caldwell Parish Sheriff's office and a police officer from the Town of Grayson effected the arrest of Wayne Spicer.

E.

The contested facts are:

1. Plaintiff contends that he did not present a risk of injury or bodily harm to the officers before and during the arrest activities.

2. Defendants contend that the plaintiff was attempting to stab them with a knife.

3. Plaintiff contends that when he was struck with flashlights and Tasers, he was not in possession of a weapon of any kind.

4. Defendants contend that the plaintiff was in possession of a knife with which he was attempting to stab the law enforcement officers who were legally attempting to effect his arrest.

5. Plaintiff contends that the nature and extent of force employed during the arrest in question was unreasonable and excessive.

6. Defendants contend that the force used was reasonable under the circumstances.

7. Plaintiff contends that he was tased multiple times during the arrest.

8. Defendants contend that the Taser was discharged a single time.

9. Plaintiff contends that he was placed in the restraint chair in retaliation for requesting pain medication for the injuries he had sustained to his head and low back.

10. Defendants deny this allegation in its entirety.

11. Plaintiff contends that on 17 January 2022, the Caldwell Parish Sheriff's Office policies

and procedures mandated that officers activate their sound and video body cameras during all arrest activities.

12. Plaintiff contends that on 17 January 2022, only 2 of the 4 arresting officers had functioning body cameras.

13. Plaintiff contends that on 17 January 2022, the 2 officers who made the initial contact with Wayne Spicer did not have functioning body cameras.

14. Plaintiff contends that on 17 January 2022, only a portion of the arrest activities associated with the arrest of Wayne Spicer was captured on audio or video body cameras.

15. Plaintiff contends that on 17 January 2022, the Caldwell Parish Sheriff's Office policies and procedures mandated that all officers who fail to utilize body cameras as required will be disciplined.

16. Plaintiff contends that none of the arresting officers in question have been disciplined as a result of any actions or inactions on the night of 17 January 2022.

17. Plaintiff contends that on 17 January 2022, the Caldwell Parish Sheriff's Office policies and procedures mandated that Taser training and certification be obtained by an officer before employing a Taser in the field.

18. Plaintiff contends that on 17 January 2022, the Caldwell Parish Sheriff's Office policies and procedures mandated that Taser re-certification be obtained by all officers on a yearly basis.

19. Plaintiff contends that none of the officers who deployed Taser on 17 January 2022 were Taser certified.

20. Plaintiff contends that on none of the officers involved in the arrest of Wayne Spicer had

been re-certified in Taser use.

21. Plaintiff contends that as a result of being struck in the face by one or more flashlights, Wayne Spicer sustained fractures to his skull and eye socket.

22. Defendants contend that the plaintiff struck his head on concrete while physically resisting the deputies' efforts to effect his lawful arrest and attempting to draw a knife on the deputies.

23. Plaintiff contends that as a result of the arrest activities on 17 January 2022, Wayne Spicer sustained two fractures to his lumbar vertebrae.

4. Defendants contend that Plaintiff caused his own injuries by physically resisting the defendants' lawful efforts to effect his arrest and attempting to draw a knife on the defendants.

25. Plaintiff contends that after Wayne Spicer was returned to the Caldwell Parish Correctional Unit following facial reconstruction at Ochsner LSU Shreveport, he was placed in the restraint chair by officers employed by the Caldwell Parish Sheriff's Office.

26. Defendants contend that Plaintiff was restrained for his own safety while on suicide watch and demonstrating suicidal ideations.

27. Plaintiff contends that defendant failed to provide timely medical care as recommended by the emergency room physician and that such delay caused additional damages to plaintiff.

28. Defendants contend that Plaintiff was provided prompt, adequate, and constitutional medical care.

F.

The contested issues of law to be determined by the Court:

1. Plaintiff contends that the actions of the deputies were intended to and deprived plaintiff of his constitutional rights of due process.

2. The defendants contend that their actions were reasonable and constitutional.

3. Plaintiff contends that the actions of the deputies constituted excessive force under the circumstances.

4. The defendants contend that the force used was reasonable and justified under the circumstances.

5. Plaintiff contends that the deputies and sheriff's office acted in concert and conspiracy and are liable jointly and in solido to plaintiff for the injuries he sustained.

6. The defendants deny that the plaintiff can prove the legal elements of a conspiracy or that a conspiracy factually exists.

7. Plaintiff contends that the actions of the deputies constituted an abuse of official power.

8. The defendants deny that "abuse of power" is a cause of action, move to strike this issue of law from this pretrial order, and further contend that no "abuse of power" occurred.

9. Plaintiff contends that the actions of the correctional officers to strap him into a restraint chair constitute an abuse of power, deprivation of constitutional rights, and cruel and unusual punishment.

10. The defendants deny this allegation and deny that the plaintiff has sued anyone who would be liable for such an allegation even if true.

11. Plaintiff contends that he did not constitute a threat of bodily harm to four armed

arresting officers.

12. The defendants contend that the plaintiff was attempting to stab the law enforcement officers with a knife when they attempted to legally effect his arrest.

13. Plaintiff contends that the deprivation of needed medical care constituted an abuse of power and deprivation of his constitutional rights.

14. The defendants contend that the plaintiff received all appropriate and necessary medical care.

15. Plaintiff contends that the extent of force utilized was excessive that that such would have been obvious to all.

16. The defendants deny that the force used was excessive and further allege qualified immunity.

17. Plaintiff contends that the failure to train, supervise, investigate, or discipline the officers in question were a proximate cause of the excessive force deployed during the arrest and thereby a proximate cause of the physical injuries he sustained.

18. The defendants deny that any such excessive use of force occurred, and further deny that any such alleged failures were the moving force behind the use of force that did occur. The defendants further allege that Plaintiff has failed to prove the necessary elements of an official capacity claim and deny that such elements are factually present in this case.

19. Plaintiff contends that the excessive use of force constitutes a tort of assault and battery under Louisiana law.

20. The defendants deny that any use of excessive force occurred and aver that the force

used was reasonable under the circumstances.

21. Plaintiff contends that the failure to provide needed medical care and the retailation for requests for medical care constitute intentional acts of the Sheriff and those working under his authority to deprive plaintiff of his federal civil rights.

22. The defendants contend that the plaintiff was provided all appropriate and necessary medical care.

G.

The following depositions and answers to interrogatories will be offered in evidence:

1. Plaintiff intends to use interrogatories to defendants and responses thereto.

Defendants object to the introduction of written interrogatories and discovery responses because those responses are not subject to the same relevance and admissibility requirements as trial evidence, no redacted versions of those materials have been provided, and the complete responses are inadmissable in their current form.

2. Plaintiff intends to use requests for production of documents and responses thereto.

Defendants object to the introduction of written discovery responses and the attached production documents because those responses are not subject to the same relevance and admissibility requirements as trial evidence, no redacted versions of those materials have been provided, and the complete responses are inadmissable in their current form.

3. Plaintiff intends to use the Rule 30(b)(6) Video deposition of the Caldwell Parish Sheriff's Office, through its designee, Clay Bennett.

Defendants object to the use of the deposition transcript on the grounds that the witness

is available to testify and on the grounds that no redacted version of the transcript has been provided indicating the portions that the plaintiff intends to use. In its raw form, the transcript contains the usual inadmissible and irrelevant materials that are not admissible at trial.

4. Plaintiff intends to use the deposition testimony of treating physicians in lieu of live testimony.

Defendants object to the use of any such deposition testimony on the grounds that no such depositions have been taken to date.

5. Plaintiff may use the deposition testimony of the arresting officers for impeachment purposes.

H.

There is no objection to the exhibits on the attached lists, except as follows: (State the basis for any objections as to each exhibit separately.)

**Defendants' Objections to Plaintiff's Exhibits:**

15. Defendants object to Exhibit 15 on the grounds that they cannot identify this exhibit based upon the description provided.

16. Defendants object to Exhibit 16 because it is an unsworn statement of a witness available to testify.

18. Defendants object to Exhibit 18 because it appears to be the unredacted production of materials exchanged during discovery without appropriate redactions made for relevance and admissibility at trial.

19. Defendants object to Exhibit 19 as irrelevant to the instant matter under FRE 401 or,

alternatively, prejudicial under FRE 403.

23. Defendants object to Exhibit 23 because they cannot identify this exhibit based upon the description provided.

24-26. Defendants object to Exhibits 24-26 because they are unredacted deposition transcripts that have not been redacted to comport with the rules of relevance and admissibility at trial.

35. Defendants object to Exhibit 35 because is the production of documents exchanged during discovery that has not been redacted to comport with the rules of relevance and admissibility at trial, particularly Documents 13, 21, 22, which are irrelevant under FRE 401 and prejudicial under FRE 403.

**Plaintiff's Objections to Defendants' Exhibits:**

4. Plaintiff objects to Defendant's Exhibit 4 as irrelevant to this matter and unduly prejudicial under Rule 403.

5. Plaintiff objects to Defendant's Exhibit 5 as irrelevant to this matter and unduly prejudicial under Rule 403.

6. Plaintiff objects to Defendant's Exhibit 6 as irrelevant to this matter and unduly prejudicial under Rule 403. Additionally, the document has never been produced in discovery and has not been authenticated.

12(f). Plaintiff objects to Defendant's Exhibit 12(f) as irrelevant and unduly prejudicial under Rule 403.

18. Plaintiff objects to Defendant's Exhibit 18 since this document has never been produced

in discovery and has not been authenticated.

I.

This is a jury case which is applicable to all issues. Anticipated length of trial is 3-4 days.

J.

The issue of liability should not be tried separately from that of quantum.

K.

The undersigned hereby certify that this Pretrial Order has been formulated after telephone conference in which trial counsel for all parties were included. Reasonable opportunity has been afforded to counsel for corrections or additions, prior to signing. Hereafter, this Order shall control the course of the trial and may not be amended except by consent of the parties and the Court, or by the order of the Court to prevent manifest injustice.

APPROVED AS TO FORM AND CONTENT:

| /Michael J. Mestayer, Esq. | s/Shane Bryant, Esq. |
|---|---|
| Signature of Attorney for Plaintiff | Signature of Attorney for Defendant |

Name: Michael J. Mestayer
Firm: Michael J. Mestayer
(A Professional Law Corporation)
Address: 1100 Poydras Street
    Suite 2785
    New Orleans, LA 70163
Telephone: (504) 522-7360

Name: Shane Bryant
Firm: Frosch, Rodrigue, Arcuri, LLC
Address: 1615 Poydras Street, Suite 1250
    Suite 1250
    New Orleans, LA 70112
Telephone: (504) 592-4641

ACTION BY THE COURT

THE FOREGOING Pretrial Order has been approved by the parties to this action as evidenced by the signature of their counsel hereon, and the Order is hereby entered and will govern in the trial of this case.

Monroe, Louisiana, this _____ day of _____, 20____.

_____
UNITED STATES MAGISTRATE JUDGE