UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**WAYNE SPICER**     **CASE NO. 3:22-CV-05358**

**VERSUS**     **JUDGE TERRY A. DOUGHTY**

**CLAY BENNETT ET AL**     **MAG. JUDGE KAYLA D. MCCLUSKY**

**MEMORANDUM RULING**

The trial in the above proceeding is set to begin September 30, 2024. Plaintiff Wayne Spicer ("Spicer") and Defendants Sheriff Clay Bennett ("Sheriff Bennett"), Zebulon Lee Tucker ("Tucker"), Piper Barton ("Barton"), Matt Dannehl ("Dannehl"), Shane Duke ("Duke"), and Dustin Hatten ("Hatten"), (collectively "Defendants") filed objections to certain exhibits listed by the other party.

Both of the parties filed pretrial memoranda [Doc. Nos. 26, 27], wherein they both make objections to exhibits. Both parties also filed responses to the pretrial memoranda [Doc. Nos. 28, 30].

For the reasons set forth herein, the Court makes the following rulings.

**I.  Spicer's Objections**

Spicer objects to Defendants' Exhibit 12(f). Defendants' Exhibit 12(f) is Spicer's arrest and conviction record. Spicer argues that there is no legitimate evidentiary purpose for this exhibit.

Defendants argue that the criminal history record documents a history of altercations by Spicer, these are relevant to show prior and/or pre-existing injuries to Spicer, and/or as a rebuttal to Spicer's mental anguish claim.

1

This Court has not yet seen Exhibit 12(f), therefore it will **DEFER** ruling on this objection. The only legal relevance to this case would be to the extent they show prior pre-existing injuries to Spicer, or rebut Spicer's mental anguish claim. Therefore, this exhibit only be introduced as evidence for those purposes. The admissibility of each will be determined at trial through proper objections.

## II.     Defendants' Objections

Defendants object to the introduction of the Rule 30(b)(6) Deposition of Sheriff Bennett, object to Plaintiff's Exhibit 15, object to Plaintiff's Exhibit 19, object to Plaintiff's Exhibit 23, object to Plaintiff's Exhibits 24 and 25, and object to Plaintiff's Exhibit 35 [Doc. No. 13] and [Doc. No. 22].

### A.     Withdrawn Objections

Defendants have withdrawn their objection to Plaintiff's Exhibits 23, 24, 25, and Exhibit 35 [Doc. No. 22]. Therefore, no ruling is necessary on those exhibits.

### B.     Rule 30(b)(6) Deposition

Defendants object to the introduction of the Rule 30(b)(6) Deposition of Sheriff Bennett, the authorized representative of the Caldwell Parish Sheriff's Office because Sheriff Bennett will be present to testify at trial. Spicer also listed Sheriff Bennett as a witness.

Because Sheriff Bennett is going to be present at trial, the Rule 30(b)(6) Deposition cannot be introduced as the testimony of the Caldwell Parish Sheriff's Office. Sheriff Bennett is available to testify, and he can be examined or cross-examined both individually and as the representative of the Caldwell Parish Sheriff's Office. Therefore, Defendants' objection is **GRANTED,** and Plaintiff will not be allowed to introduce the Rule 30(b)(6) Deposition of Sheriff Bennett at trial.

### C. Other Defendant Objections

Defendants originally objected to Plaintiff's Exhibit 15, which was listed as a Table of Body Camera Footage. Upon learning it was actually a demonstrative aid, which would not be introduced into evidence, Defendants reserve their right to see the Exhibit prior to objecting. Therefore this Court will **DEFER** ruling upon Defendants' objections to Plaintiff's Exhibit 15.

Defendants object to Plaintiff's Exhibit 19, which is Barton's Facebook Page. According to Spicer, the page states in Barton's profile that he was Police Chief for the Town of Clarks, police officer for the Town of Grayson, and Plant Manager for Diamond B. Construction, and that the exhibit will be used to question Barton as to whether he has overlapping jobs.

The Court finds that this evidence would likely be used for the credibility of Barton. Thus, the Court will allow Plaintiff's Exhibit 19 only for that purpose. Defendants' objection is **DENIED** to that limited extent, and **GRANTED** for all other purposes.

Defendants further object to Plaintiff's Exhibit 35 [Doc. No. 13], which is an arrest warrant of Piper Barton on charges of battery and assault. Spicer argues the evidence would be presented to show law enforcement failed to select persons appropriate for the job. However, the arrest warrant of Barton occurred after the incident in this case, and is therefore irrelevant under Federal Rule of Evidence Rule 401. Additionally, it was an arrest, not a conviction, and inadmissible to impeach Barton under FRE 609. Defendants' objection to Plaintiff's Exhibit 35 [Doc. No. 13] is **GRANTED**.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Spicer's Objection to Defendants' Exhibit 12(f) [Doc. No. 26] is **DEFERRED.**

**IT IS FURTHER ORDERED** that Defendants' Objections as shown in [Doc. No. 27] are **DENIED IN PART** and **GRANTED IN PART.** To the extent Defendants move to exclude the introduction of the Rule 30(b)(6) Deposition of Sheriff Bennett, the motion is **GRANTED** and Plaintiff is excluded from introducing this deposition at trial.

**IT IS FURTHER ORDERED** that Defendants' Objection to Plaintiff's Exhibit 15 is **DEFERRED**.

**IT IS FURTHER ORDERED** that Defendants' Objections to Plaintiff's Exhibit 19 is **DENIED,** and Defendants' Objection to Plaintiff's Exhibit 35 [Doc. No. 13] is **GRANTED**.

MONROE, LOUISIANA, this 27th day of September 2024.

_____
**TERRY A. DOUGHTY, JUDGE**
**UNITED STATES DISTRICT COURT**